# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MARQUIS COLLINS,** *Plaintiff* | § § § | |
| **v.** | § § § | **No. A-21-CV-00041-RP** **No. A-18-CR-091(5)-RP** |
| **UNITED STATES OF AMERICA,** *Defendant* | § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Marquis Collins' Motion to Vacate Under 28 U.S.C. § 2255, Dkt. 1415, Supplemental[1] Motion to Vacate, Dkt. 1430, the Government's Response, Dkt. 1466, and Collins' Reply, Dkt. 1471. The undersigned submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## I.      GENERAL BACKGROUND

From on or about October 1, 2016, through March 7, 2018, Collins participated in a conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and

---

[1] While the parties and the undersigned refers to Collins "Supplemental" Motion to Vacate, it is in fact an amended motion to vacate, and despite his efforts to continue to supplement after he filed this document, in accordance with the Court's Order, is the complete statement of his habeas claims.

a conspiracy to commit money laundering. On December 6, 2018, Collins pleaded guilty to Counts Two and Four of the Indictment, pursuant to a plea agreement. The United States agreed to recommend a three-level downward adjustment for acceptance of responsibility and to recommend a sentence at the low end of the Sentencing Guidelines. The Probation Department calculated Collins' Total Offense Level as 34 and his Criminal History Category as II, for a Guidelines range of 168 to 210 months on Counts Two and Four. On September 4, 2019, Collins was sentenced below the guidelines to 90 months imprisonment for each count to run concurrently. Collins filed no direct appeal. He now asserts he is entitled to habeas relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel and violations of Federal Rule of Criminal procedure 32 related to his Presentence Investigation Report.

## II.    PROCEDURAL BACKGROUND

This case has a long and complicated procedural backdrop. Collins was originally sentenced on September 4, 2019. Dkt. 1367. On September 4, 2020, Collins sent a letter to the Clerk's Office requesting a copy of his transcript in his criminal case. Dkt. 1395. On December 7, 2020, Collins sent a separate request to the Clerk's Office requesting forms allowing him to request in forma pauperis status and to file a habeas petition. Dkt. 1412. On January 4, 2021, Collins filed correspondence with the Court, Dkt.1415, which the Court construed as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Dkt. 1416. That letter states "I just received this letter I mailed to you on Feb. 4, 2020, back today and I am very

unpleased." *Id.* In the attached letter, Collins asserted his counsel was ineffective. *Id.*, at 2-3.

In its Order and Advisory construing the correspondence as a motion, the Court warned Collins that "this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id.* (quoting *Castro v. United States*, 540 U.S. 375, 383 (2003)). The Court further apprised Collins on the applicable statute of limitation for a § 2255 petition and the deadline to file a notice of appeal with the Fifth Circuit, both of which he had missed. The Court stated, "Thus, even if the Court construes the correspondence as a § 2255 motion, the motion would appear to be time-barred. Should Collins wish to proceed forward with the correspondence treated as a § 2255 motion, he will need to explain any reasons why his § 2255 motion should not be dismissed as untimely." Dkt. 1416.

The Court gave Collins a deadline of February 5, 2021, to: (1) withdraw his motion, by filing a Notice of Withdrawal; (2) file a Notice of Consent, stating that he wished to proceed with his submission, construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255; or (3) amend his filing so that it contained all the § 2255 claims he believed he has.[2] The Court warned that, "Failure to take one of the three actions

---

[2] Collins has "supplemented" his petition various times since his initial filing. The undersigned limits his consideration of Collins' claims to his first supplemental petition, Dkt. 1430, filed in compliance with the Court's Order. All other "supplemental petitions" are denied as successive. A district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v. Fulton*, 780

outlined above within the time specified by the Court will result in the dismissal, without prejudice, of the motion to vacate without further notice." *Id.*

The Court lastly ordered that:

> should Defendant Collins file a Notice of Consent or amend his filing to add additional 2255 claims, then on or before February 5, 2021, he shall show cause why his § 2255 motion should not be dismissed as time-barred. Defendant Collins shall swear to the truth of his response under penalty of perjury. If Defendant Collins raises his alleged return mail as a basis for tolling the limitations period, he shall include with his response a copy of the returned envelope, the prison mail logs showing when he mailed the February 4, 2020 letter to the Court, the prison mail logs showing when the February 4, 2020 letter was returned to him undelivered, and any other evidence demonstrating when and how the February 4, 2020 letter was transmitted to the Court.

*Id.*

In response, instead of complying with the Court's Order, Collins filed a Motion for Appointment of Counsel, Dkt. 1418, several letters to the Court, Dkts. 1419 & 1420, a Response explaining that the Travis County Jail does not log in all mail, Dkt. 1423, and two motions for extensions of time and a supplement, Dkts. 1424-26, explaining he was diagnosed with COVID-19 and therefore unable to pursue his case.

---

F.3d 683, 686 (5th Cir. 2015); 28 U.S.C. § 2255(h). A subsequent § 2255 motion to vacate is considered second or successive "when it: '1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez*, Movant was required to present all available claims related to his conviction or sentence in his first motion to vacate. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." *Id.* at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997) (quotation marks omitted)).

Ultimately, after the Court granted his extension, and on March 1, 2021, Collins filed a Supplemental Motion to Vacate, Dkt. 1430.

After reviewing Collins' Supplemental Motion, the Court entered a Show Cause Order stating:

> Accordingly, the Court ORDERS Collins to SHOW CAUSE for his failure to respond to this Court's prior Order with "a copy of the returned envelope, the prison mail logs showing when he mailed the February 4, 2020, letter to the Court, the prison mail logs showing when the February 4, 2020, letter was returned to him undelivered, and any other evidence demonstrating when and how the February 4, 2020, letter was transmitted to the Court" no later than April 26, 2021.

Dkt. 1432. Collins responded with a "Motion for Equitable Tolling," Dkt. 1440, asserting he could not file his petition on time because of Covid-19 and referencing Dkt. 1419 and 1423 as responsive to the Court's Show Cause Order. Collins then requested an extension of time to respond to the Show Cause Order, Dkt. 1442 and 1444, which the Court granted. Dkt. 1445. Collins filed a Response on May 24, 2021, Dkt. 1449, acknowledging his 2255 Petition was untimely filed, but arguing "extraordinary circumstances" apply because his prison law library and entire prison were locked down because of Covid-19 as of March of 2020. *Id.* (citing but not attaching Memorandum of December 30, 2020, and Communication of January 12, 2021). He also filed two additional documents attempting to address the Show Cause Order. Dkts. 1451 and 1453.

Subsequent to the Government's Response to Collins' Petition, Dkt. 1466, Collins has filed a Reply, Dkt. 1471. Subsequent to that Reply, he has supplemented his response several times. Dkts. 1473, 1487, and 1488.

### III.    STANDAD OF REVIEW

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.  The nature of a collateral challenge under § 2255 is extremely limited:  A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude … and may not raise an issue for the first time on collateral review without showing both cause for his procedural default, and actual prejudice resulting from the error. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).  A defendant's claim of ineffective assistance of counsel gives rise to a constitutional issue and is cognizable pursuant to § 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

### IV.    ANALYSIS

The Government asserts that Collins' petition is time-barred. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitations period for federal habeas proceedings, with four possible triggers:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When a movant fails to file a notice of appeal from the judgment of the trial court, his conviction is final upon the expiration of the time for filing a notice of appeal, which is fourteen days after the entry of the judgment.  Fed. R. App. P. 4(b)(1)(A); *see United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). AEDPA's time-bar applies to both the original § 2255 motion and any subsequent amendments. *See United States v. Gonzalez*, 592 F.3d 675, 678-79 (5th Cir 2009). In this case, Collins did not file a direct appeal.

The Court's judgment was entered on September 5, 2019. Dkt. 1368. Collins did not appeal, and therefore his conviction became final on September 19, 2019. Collins had until September 21, 2020, to file a timely habeas petition pursuant to § 2255. As outlined above, Collins filed his petition on January 4, 2021, Dkt. 1415, and therefore, unless Collins can establish equitable tolling or some other reason for his failure to meet the deadline, his claims are time-barred.

Collins acknowledges that his Petition is untimely but asks the undersigned to employ equitable tolling to extend the filing deadline. Dkt. 1449, at 3. Collins claims

that he initially transmitted his correspondence on February 4, 2020, and that it was returned undelivered several months later, thereby prompting him to re-submit it to the Court in January 2021.

First, to the extent Collins is relying on the prison mailbox rule, his petition is still time-barred. Under the "prison mailbox rule", prisoners' federal pleadings are considered filed on the date they are placed in the prison mail system. *United States v. Young,* 966 F.2d 164, 165 (5th Cir. 1992); Rule 3(d), Rules Governing Section 2255 Proceedings for the United States District Courts (2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing). Collins has the burden "to show when his pleading was tendered to prison officials for delivery to the court." *U.S. v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019). The Court may consider both extrinsic evidence of mailing as well as the petitioner's credibility. *U.S. v. Craun*, 51 F.3d 1043 (5th Cir. 1995). To receive the benefit of that rule, Collins was required to certify—under the penalty of perjury—"the date of deposit" and that "first-class postage has been prepaid." § 2255 Rule 3(d).

Neither Collins' letter dated December 14, 2020, Dkt. 1415, stating "I just received this letter I mailed to you on Feb 4, 2020 back today" nor the attached letter, purportedly dated February 4, 2020, certifies under penalty of perjury the date of mailing (i.e., deposit in the prison mailing system) or that Collins pre-paid the first-class postage. *See* § 2255 Rule 3(d). Accordingly, Collins does not benefit from the prison mailbox rule.

The United States Court of Appeals for the Fifth Circuit has "indicated that, as a general matter, the mailbox rule could be extended in situations where the prisoner could prove an attempted earlier mailing even though the pleading was never filed or received." *United States v. Nyamaharo*, 514 F. App'x 479, 480-81 (5th Cir. 2013) (per curiam) (citing *Stoot v. Cain,* 570 F.3d 669, 671 (5th Cir. 2009)). While the court in *Stoot* did not specify "the level of proof required to support such a finding," it cautioned that the petitioner must "'diligently pursue his petition'" and that "'[a] failure to inquire about a lost petition is strong evidence that the petition was, in fact, never sent.'" *Id.* (citing and quoting *Stoot,* 570 F.3d at 671-72).

In this case, there is no evidence Collins inquired about the status of his petition allegedly mailed in February 2020 for several months.  He only contacted the Court regarding other matters once in September 2020, and twice in December 2020, requesting forms related to filing a 2255 motion and transcripts related to his case, Dkts. 1395, 1411, and 1412. In these contacts with the Court, Collins never mentioned or inquired after his allegedly prior-filed petition. The undersigned finds Collins did not diligently pursue his petition, and this evidence supports that it was never sent.

Additionally, Collins also relies on two pieces of earlier evidence when he was purportedly incarcerated in Travis County. The first shows that he requested three federal § 2255 motions for appeal on March 27, 2020, which the jail agreed to send to him by April 6, 2020. Dkt. 1419. These dates fall *after* he allegedly mailed his prior motion in February 2020 and purportedly did not know it was not filed. This evidence further supports that the February 2020 letter was never sent. There is no evidence

in the record that Collins actually filed any of these requested forms. Thus, they do not in any way support his claims, and undermine his assertion that he thought he had a § 2255 motion on file until it was returned months later.

Additionally, Collins asserts that he failed to pursue his petition due to prison lockdowns because of Covid-19. Collins has failed to present any evidence establishing that inmates were not allowed mail during the period from April 2020 to September 2020, when he failed to contact the Court about the status of his petition. The undersigned notes that it has received communications from other inmates housed in the Travis County Correctional Complex during this timeframe, and thus doubts the veracity of Collins' contention that he was unable to send or receive mail. The undersigned takes judicial notice of the fact the Court received mail from the Travis County Correctional Complex during the relevant timeframe. S*ee Gonzales v. Travis County*, No. 20-CV-538-LY (W.D. Tex. 2020) (showing filing of case and receipt of mail during May 2020 while incarcerated in Travis County Correctional Complex); *Johnson v. Hernandez*, No. 20-CV-600-RP (showing sending and receipt of mail in June, August and September 2020 while incarcerated in Travis County Correctional Complex).

Under these circumstances, Collins' January 4, 2021, § 2255 motion is not timely.[3] Thus, it is barred by the statute of limitations absent equitable tolling.

---

[3] Confusingly, in his response to the Court's Show Cause Order Collins acknowledges that his "petition is untimely" and relies on the theory of equitable tolling. Dkt. 1449.

"'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)). Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'" *Lookingbill v. Cockrell,* 293 F.3d 256, 264 (5th Cir. 2002). Indeed, equitable tolling "is permitted only 'in rare and exceptional circumstances.'" *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). And because it is a discretionary doctrine, a court's "determination of whether equitable tolling applies 'turns on the facts and circumstances of a particular case.'" *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).

The federal prisoner has the burden of proving his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). To satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing a § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Putting aside his claim that he filed a habeas petition in February 2020, Collins asserts that he is entitled to equitable tolling because in April 2020, his jail was in total lockdown due to Covid-19 and he was unable to access legal materials until December 2020. He further asserts that he could not access legal materials prior to April 2020 because he was incarcerated in county jails and not a federal prison

11

with a federal law library. Lastly, he asserts he was unable to send or receive mail during this same time because of Covid lockdowns.

The undersigned finds that the Covid-19 pandemic and the restrictions on petitioner's library access are insufficient to warrant equitable tolling. *See Mathison v. United States*, 648 F. Supp. 2d 106, 112 (D.D.C. 2009) ("Neither plaintiff's transfer from one prison to another nor his placement in a housing unit without legal materials is an extraordinary circumstance to warrant tolling of the limitations period."). Collins has failed to demonstrate that he was diligently pursuing his rights in the six months before the pandemic restricted his access to the law library. *See United States v. Thomas*, No. 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) ("During the Covid-19 pandemic, courts have found that prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion prior to the lockdowns."). Given that Collins has given no believable explanation of why he was prevented from timely filing his petition before the pandemic, he has not alleged circumstances that entitle him to tolling. *See United States v. Barnes*, No. 18-154, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (finding that defendant had not diligently pursued his claims because "Covid-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020"). Moreover, as outlined above, Collins' explanation that he thought he filed a petition in February 2020 does nothing to establish his diligence, as he failed to follow up or file any other documents about that petition until well after his habeas deadline had passed, despite filing other

documents with the Court. Additionally, Collins did not reach out to the Court requesting habeas forms until after the deadline had passed and has not shown he was unable to do so.

An institutional lockdown alone is generally not a rare and exceptional circumstance which warrants equitable tolling. *See Lewis v. Casey*, 518 U.S. 343, 362 (1996) ("[L]ockdown prisoners routinely experience delays in receiving legal materials or legal assistance ... but so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury."). Furthermore, an institutional lockdown when combined with a § 2255 petitioner who fails to provide evidence that he pursued his rights diligently will clearly not warrant equitable tolling. *Lawrence*, 549 U.S. at 336.

Lastly, Collins has failed to establish the main reason behind his argument that he should be provided equitable tolling—that there was no way he could have communicated with the Court because of a stop on all prison mail. Collins has not presented any evidence supporting his burden to establish that there was in fact an embargo of incoming and outgoing mail at the Travis County Correctional Complex during the relevant time period. Moreover, as noted above, the undersigned's own experience shows that inmates were communicating with the Court during this time. Extended periods of inactivity clearly indicate a lack of due diligence, and unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (concluding

"equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)).

Collins' filings, even when liberally construed in accordance with his pro se status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *See Lawrence,* 549 U.S. at 336. Accordingly, Collins is not entitled to equitable tolling and his petition is time-barred on this additional basis.

## V.    RECOMMENDATION

In accordance with the preceding, the undersigned **RECOMMENDS** that the District Court **DENY** Collins' Motion to Vacate and Amended Motion to Vacate as time-barred.

## VI.    WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

14

Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

### VII.    CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(B). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, effective as amended to February 1, 2010, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability (COA) may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a Asubstantial showing of the denial of a constitutional right in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's § 2255 motion on substantive or procedural grounds, nor find that the issues

16

presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability shall not be issued.

SIGNED August 22, 2022.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE